[Cite as *State v. Stokes*, 2021-Ohio-3283.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2021-03-026 |
| | | CA2021-03-027 |
| | : | |
| - vs - | : | O P I N I O N |
| | : | 9/20/2021 |
| TYRAY STOKES, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2019-02-0176 and CR2020-12-1531


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Law Office of John H. Forg, and John H. Forg, III, for appellant.



**PIPER, P.J.**

{¶ 1} Appellant, Tyray Stokes, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to having weapons under disability, trespass in a habitation, and disrupting public services.

{¶ 2} Stokes' convictions stem from an incident wherein he assaulted a victim during an argument, broke the victim's phone, and also stole a bookbag that contained the

victim's wallet and personal items. Stokes was charged with multiple crimes related to the incident, but pled guilty to amended charges of trespass in a habitation and disrupting public services. The trial court then placed Stokes on community control.

{¶ 3} While on community control, and in a separate case, Stokes was charged with and pled guilty to having weapons under disability, a third-degree felony. The trial court revoked Stokes' community control, imposed a 17-month sentence for the charges in the original case, and then sentenced Stokes to 24 months for having weapons while under disability. The trial court ran the sentences concurrently for an aggregate sentence of 24 months in prison. Stokes now challenges his sentence, raising the following assignment of error:

{¶ 4} THE IMPOSITION OF A PRISON SENTENCE IS INEFFECTIVE.

{¶ 5} Stokes argues in his sole assignment of error that the trial court erred in sentencing him.

{¶ 6} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Jones*, Slip Opinion No. 2020-Ohio-6729. R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes, which are not at issue in this appeal, or that the sentence is otherwise contrary to law.

{¶ 7} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 8} After reviewing the record, Stokes' sentence is not contrary to law. The trial court specifically noted in its sentencing entry and stated at the sentencing hearing that it had considered the overriding purposes and principles of felony sentencing according to R.C. 2929.11, and also had considered the seriousness and recidivism factors set forth in R.C. 2929.12. Furthermore, the trial court properly imposed postrelease control, and the 24-month sentence is within the permissible statutory range for a third-degree felony according to R.C. 2929.14(3)(B). Thus, the trial court's sentence was not contrary to law, and Stokes' single assignment of error is overruled.

{¶ 9} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.